# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARIA HETHERINGTON, as Special Administrator of the Estate of CHRISTOPHER HETHERINGTON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) LEFLORE COUNTY DETENTION CENTER PUBLIC TRUST,<br>(2) DOES Nos. 1-10,<br>(3) STIGLER HEALTH & WELLNESS CENTER, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  21-cv-121-RAW<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT LEFLORE COUNTY DETENTION CENTER PUBLIC TRUST'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant LeFlore County Detention Center Public Trust ("Defendant"), for its Answer to the Plaintiff's Amended Complaint filed herein alleges and states as follows:

Any of Plaintiff's assertions or allegations not specifically admitted, denied or otherwise addressed in this Answer are denied by Defendant and strict proof thereof is demanded.[1]

## PARTIES, JURISDICTION AND VENUE

1.  Defendant admits that Plaintiff's claims in this matter are based upon alleged violations of the Decedent's rights under the Fourteenth Amendment to the U.S Constitution. Defendant is without sufficient information to admit or deny the remainder of the allegations set forth in numerical ¶ 1 of Plaintiff's Amended Complaint.

---

[1] The denials of Plaintiff's factual assertions herein are based upon the best information available to the undersigned at the time of filing and are reasonably based on belief or lack of information.

2. Defendant LeFlore County Detention Center Public Trust admits that it is a public trust created pursuant to 60 Okla. Stat. tit. § 176 et seq. The remainder of numerical ¶ 2 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant.

3. Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations set forth in numerical ¶ 4 of Plaintiff's Amended Complaint.

5-6. Defendant admits that this Court has jurisdiction over Plaintiff's claims as set forth in numerical ¶¶ 5-6 of Plaintiff's Amended Complaint.

7. Defendant admits that venue is proper in this Court as set numerical ¶ 7 of Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

8. Numerical ¶ 8 of Plaintiff's Amended Complaint contains no factual allegations and requires no response by Defendant. To the extent that a response may be required, Defendant incorporates by reference his answers to ¶¶ 1-7 of Plaintiff's Amended Complaint.

### Facts Specific to Chris Hetherington

9. Defendant admits the allegations set forth in numerical ¶ 9 of Plaintiff's Amended Complaint.

10. Defendant admits that the presiding judge noted that the Decedent appeared intoxicated, increased his bail and committed him to the LeFlore County Detention Center (LCDC), and that the Decedent was booked into the LCDC the same day. Defendant is without

sufficient information to admit or deny the remainder of the allegations set forth in numerical ¶ 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations set forth in numerical ¶ 11 of Plaintiff's Amended Complaint as phrased therein.

12. Defendant denies the allegations set forth in numerical ¶ 12 of Plaintiff's Amended Complaint as phrased therein.

13. Defendant denies the allegations set forth in numerical ¶ 13 of Plaintiff's Amended Complaint as phrased therein.

14. Defendant denies the allegations set forth in numerical ¶ 14 of Plaintiff's Amended Complaint as phrased therein.

15. Defendant denies the allegations set forth in numerical ¶ 15 of Plaintiff's Amended Complaint as phrased therein.

16. Defendant admits the allegations set forth in numerical ¶ 16 of Plaintiff's Amended Complaint.

17. Defendant admits that LCDC staff found the Decedent unresponsive and that he was later pronounced dead. Defendant is without sufficient information to admit or deny the remainder of the allegations set forth in numerical ¶ 17 of Plaintiff's Amended Complaint.

18. Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 18 of Plaintiff's Amended Complaint.

19. Defendant is without sufficient information to admit or deny that "Chronic ethanol abuse" was identified by the medical examiner as a pathological diagnosis. Defendant denies the remainder of the allegations set forth in numerical ¶ 19 of Plaintiff's Complaint as phrased therein.

20. Defendant objects to numerical ¶ 20 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations set forth in numerical ¶ 21 of Plaintiff's Amended Complaint as phrased therein.

22. Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 22 of Plaintiff's Amended Complaint.

23. Defendant objects to numerical ¶ 23 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 23 of Plaintiff's Amended Complaint as phrased therein.

24. Defendant is without sufficient information to admit or deny the allegations set forth in numerical ¶ 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in numerical ¶ 25 of Plaintiff's Amended Complaint as phrased therein.

26. Defendant objects to numerical ¶ 26 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 26 of Plaintiff's Amended Complaint as phrased therein.

27. Defendant objects to numerical ¶ 27 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant admits the allegations set forth in numerical ¶ 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in numerical ¶ 28 of Plaintiff's Amended Complaint as phrased therein.

29. Defendant admits the allegations set forth in numerical ¶ 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations set forth in numerical ¶ 30 of Plaintiff's Amended Complaint as phrased therein.

31. Defendant denies the allegations set forth in numerical ¶ 31 of Plaintiff's Amended Complaint as phrased therein.

32. Defendant denies the allegations set forth in numerical ¶ 32 of Plaintiff's Amended Complaint as phrased therein.

### Policies, Customs, and Practices of the LCSO/LeFlore County Sheriff[2]

34. Numerical ¶ 34 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same.

35. Defendant objects to numerical ¶ 35 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, numerical ¶ 35 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

36. Defendant objects to numerical ¶ 36 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 36 of Plaintiff's Amended Complaint as phrased therein.

---

[2] Plaintiff here makes reference to the policies, customs and practices of the "LCSO/LeFlore County Sheriff", which appears to be a carryover from the original Complaint filed herein. <u>The LeFlore County Sheriff is not a party to this Amended Complaint</u> and this reference is understood to be a typographical error and should reference the policies customs and practices of this Defendant, the LeFlore County Detention Center Public Trust.

37. Defendant objects to numerical ¶ 37 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant admits the allegations set forth in numerical ¶ 37. However, the DOJ report has no bearing whatsoever on this case as it was conducted approximately seventeen (17) years prior to the events of this case and involved the old LeFlore County jail facility, not the current LCDC facility.

38. Defendant denies the allegations set forth in numerical ¶ 38 of Plaintiff's Amended Complaint as phrased therein.

39. Defendant objects to numerical ¶ 39 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Defendant denies the allegations set forth in numerical ¶ 39 of Plaintiff's Amended Complaint as phrased therein.

40. Defendant denies the allegations set forth in numerical ¶ 40 of Plaintiff's Amended Complaint as phrased therein.

41. Numerical ¶ 41 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

42. Numerical ¶ 42 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

43. Numerical ¶ 43 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

44. Numerical ¶ 44 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

## **CAUSE OF ACTION**

**VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES**
**(42 U.S.C. § 1983)**

A. **Detention Center Staff/Underlying Violations**

45. Numerical ¶ 45 of Plaintiff's Amended Complaint contains no factual allegations and requires no response by Defendant. To the extent that a response may be required, Defendant incorporates by reference his answers to ¶¶ 1-44 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in numerical ¶ 46 of Plaintiff's Amended Complaint as phrased therein.

47. Defendant denies the allegations set forth in numerical ¶ 47 of Plaintiff's Amended Complaint as phrased therein.

48. Numerical ¶ 48 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

49. Numerical ¶ 49 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

50. Defendant denies the allegations set forth in numerical ¶ 50 of Plaintiff's Amended Complaint as phrased therein.

51. Defendant denies the allegations set forth in numerical ¶ 51 of Plaintiff's Amended Complaint as phrased therein.

**B.   Official Capacity Liability (Sheriff Edwards)**

52. Numerical ¶ 52 of Plaintiff's Amended Complaint contains no factual allegations and requires no response by Defendant. To the extent that a response may be required, Defendant incorporates by reference his answers to ¶¶ 1-51 of Plaintiff's Complaint.

53. Numerical ¶ 53 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

54. Numerical ¶ 54 of Plaintiff's Amended Complaint contains no factual allegations and requires no response by Defendant. To the extent that a response may be required, Defendant incorporates by reference his answers to ¶¶ 34-44 of Plaintiff's Amended Complaint.

55. Numerical ¶ 55 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

56. Defendant denies the allegations set forth in numerical ¶ 56 of Plaintiff's Amended Complaint as phrased therein.

**C.   Municipal/"'Monell" Liability (Against Health & Wellness)**

57. Numerical ¶ 57 of Plaintiff's Amended Complaint contains no factual allegations and requires no response by Defendant. To the extent that a response may be required, Defendant incorporates by reference his answers to ¶¶ 1-56 of Plaintiff's Amended Complaint.

58.   Numerical ¶ 58 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant is without sufficient information to admit or deny same.

59.   Numerical ¶ 59 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant is without sufficient information to admit or deny same.

60.   Numerical ¶ 60 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant is without sufficient information to admit or deny same.

61.   Defendant admits the allegations set forth in numerical ¶ 61 of Plaintiff's Amended Complaint.

62.   Defendant admits the allegations set forth in numerical ¶ 62 of Plaintiff's Amended Complaint.

63.   Numerical ¶ 63 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

64.   Numerical ¶ 64 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

65.   Numerical ¶ 65 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

66. Numerical ¶ 66 of Plaintiff's Amended Complaint consists of legal conclusions, not allegations of facts, and requires no response by Defendant. To the extent that a response may be required, Defendant denies same as phrased therein.

67. Defendant denies the allegations set forth in numerical ¶ 67 of Plaintiff's Amended Complaint as phrased therein.

68. Defendant denies that Plaintiff is entitled to any relief against him as requested in the unnumbered "Wherefore" paragraph of Plaintiff's Amended Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant LeFlore County Detention Center Public Trust ("Defendant"), for its defenses and affirmative defenses to Plaintiff's claims, alleges and states:[3]

1. Plaintiff has failed to state a claim for any constitutional violation or for any remedy under 42 U.S.C. § 1983 against the Defendant.

2. Defendant cannot be held liable for any federal constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of *respondeat superior* and/or vicarious liability.

3. Defendant has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the Defendant, or found in a pattern of persistent practices known to and approved by the Defendant that would be considered unconstitutional.

---

[3] All the defenses asserted herein are based upon the best information available to the undersigned at the time of filing and either have evidentiary support or are reasonably believed to likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

4. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf any of the named defendants.

5. The facts and evidence learned in discovery will show there were no underlying violations of the Decedent's federal constitutional rights by an agent, employee, or officer of this Defendant.

6. The facts and evidence learned in discovery will show that no agent, employee, or officer of this Defendant was subjectively aware of any objectively serious medical need on the part of the Decedent until he was discovered in his cell unresponsive.

7. The facts and evidence learned in discovery will show that the training and supervision of jail staff was adequate and did not cause the alleged violation of the Decedent's federal constitutional rights.

8. The facts and evidence learned in discovery will show that no act or omission by the Defendant caused Plaintiff or Decedent's harm or alleged constitutional violations.

9. Punitive damages are not available against the Defendant.

10. The Decedent failed to exhaust his administrative remedies, pursuant to the Prison Litigation Reform Act, Title 42 U.S.C. §1997e.

11. This Defendant is entitled to settlement credit or an offset regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(h), other state law and/or Federal statutory or common law.

12. Any injuries or damages suffered by decedent, if any, were the result of actions or inactions of one or more third parties over which this Defendant has no authority or control.

13. Any injuries or damages suffered by Decedent, if any, were the result of natural causes and not the fault of this Defendant.

14. This Defendant did not personally participate in any of the alleged actions or inactions, which may have caused the Decedent's alleged injuries and/or damages.

15. This Defendant was not deliberately indifferent to the decedent's alleged serious medical needs.

16. There was no underlying constitutional violation committed by any employee or official of this Defendant that would impose liability on Defendant Edwards.

17. The Plaintiff's damages are limited and capped under law.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant LeFlore County Detention Center Public Trust respectfully requests this matter be adjudicated in its favor and that it be dismissed with his costs, attorney's fees and any other relief the law or equity allows.

Respectfully submitted,

s/ Michael L. Carr
Michael L. Carr, OBA No. 17805
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email:  mlc@czwlaw.com

ATTORNEY FOR LEFLORE COUNTY
DETENTION CENTER PUBLIC TRUST

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Robert M. Blakemore
SMOLEN & ROYTMAN
701 S. Cincinnati Avenue
Tulsa, OK 74119
danielsmolen@ssrok.com
bobblakemore@ssrok.com
*Attorneys for Plaintiff*

Adam L. Wilson
Grant A. Fitz
RICHARDS & CONNOR
12TH Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, OK 74103
awilson@richardsconnor.com
gfitz@richardsconnor.com
*Attorneys for Stigler Health and Wellness Center, Inc.*

                                                  s/ Michael L. Carr
                                                  Michael L. Carr